# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JONTEE LAMAR BOYAKINS, | |
| Petitioner, | 2:12-cv-00549-JCM-PAL |
| vs. | **ORDER** |
| WARDEN BRIAN WILLIAMS, *et al.*, | |
| Respondents. | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the court is respondents' motion to dismiss (ECF #9). Petitioner opposed the motion (ECF #20), and respondents replied (ECF #22).

**I. Procedural History**

On October 11, 2007, petitioner entered into a guilty plea agreement (exhibit 12 to respondent's motion to dismiss, ECF #9).[1] He pled guilty to robbery and stipulated to habitual violent felon treatment under NRS 207.012 and to a definite term of ten (10) to twenty-five (25) years in the Nevada Department of Corrections. The State agreed to dismiss another pending case (ex. 12). Petitioner was sentenced as set forth in the plea agreement on December 4, 2007 (ex. 13), and the judgment of conviction was entered on December 11, 2007 (ex. 14).

---

[1] All exhibits referenced in this order are exhibits to respondents' motion to dismiss (ECF #9) and may be found at ECF #s 10, 11 and 13.

On January 2, 2008, petitioner filed a motion to vacate habitual criminal sentence and resentence pursuant to Nevada law (ex. 15). Petitioner argued that the State had never filed an information alleging that he violated the habitual criminal statute and had never presented certified copies of petitioner's prior convictions to the court before sentencing (*id.*).

At a hearing on February 26, 2008, the State presented certified copies of two prior Nevada convictions and four prior California convictions (ex. 21). The court then found that petitioner had been on notice that he would be adjudicated a habitual criminal pursuant to the guilty plea. The court also held that the belated presentation of the certified copies of previous convictions ensured that there had been no misunderstanding as to whether any prior convictions were eligible or ineligible for habitual criminal status and thus corrected or rendered harmless any procedural defect (*id*.). The court then re-sentenced petitioner to the term of ten to twenty-five years and re-calculated the credit for time served, and an amended judgment of conviction was filed on February 28, 2008 (ex. 22).

Petitioner filed a direct appeal, then he filed a motion to voluntarily withdraw the appeal, which was granted on August 22, 2008 (ex.'s 23, 30).

On October 28, 2010, petitioner filed a proper person motion for appointment of counsel and a request for an evidentiary hearing in the state district court (ex. 31). The state district court denied the motion and the Nevada Supreme Court dismissed petitioner's appeal for lack of jurisdiction (ex.'s 33, 37). Remittitur issued on February 1, 2011 (ex. 38).

On June 9, 2011, petitioner filed a motion to correct an illegal sentence in state district court (ex. 39). The state district court denied the motion and the Nevada Supreme Court affirmed the district court (ex.'s 41, 47). On January 9, 2012, petitioner filed a motion for rehearing of his motion to correct an illegal sentence in state district court (ex. 49). The state district court denied the motion and the Nevada Supreme Court dismissed the appeal for lack of jurisdiction (ex.'s 55, 60). Remittitur issued on April 17, 2012 (ex. 61).

On April 3, 2012, the court received petitioner's federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner now argues that his adjudication as a habitual criminal pursuant to the guilty plea agreement was unconstitutional because: (1) the constitutional validity of the underlying convictions is a legal status to which he could not stipulate; and (2) the State should not have been permitted to seek resentencing after he had begun serving his sentence (ECF #4).

Respondents have filed a motion to dismiss the petition as untimely (ECF #9).

## II. Federal Habeas Petition is Untimely

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

3

28 U.S.C. § 2244(d).

The United States Supreme Court has held that a habeas petitioner's state postconviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005). The Court in *Pace v. DiGuglielmo* held as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

In the present case, as discussed, petitioner was convicted, pursuant to a guilty plea, and an amended judgment of conviction was entered on February 28, 2008 (ex. 22). He filed a direct appeal, but later filed a notice of withdrawal of appeal, which the Nevada Supreme Court granted on August 22, 2008 (ex.'s 23, 30). At that point, petitioner took no action whatsoever until he filed an ex parte motion for appointment of counsel and a request for an evidentiary hearing on October 28, 2010 (ex. 31). As petitioner had no properly filed application for state postconviction or other collateral review pending during the period of time from the day after his request to withdraw his direct appeal was granted and the time, more than two years later, that he filed his ex parte motion for appointment of counsel and request for an evidentiary hearing, this time is not statutorily tolled on that basis. *See* 28 U.S.C. § 2244(d)(2).[2] The AEDPA statute of limitations had expired before petitioner filed the ex parte motion for counsel and request for an evidentiary hearing on October 28, 2010. Accordingly, petitioner's federal habeas petition, filed on April 3, 2012, is untimely pursuant to 28 U.S.C. § 2244(d).

---

[2] The court need not consider here whether such a motion, if it were filed before the AEDPA statute of limitations had expired, would constitute a properly filed motion for collateral review that would toll the AEDPA statute of limitations.

### III. Petitioner is Not Entitled to Equitable Tolling

The United States Supreme Court has held that the AEDPA's statute of limitations, at 28 U.S.C. "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court made clear that the "exercise of a court's equity powers . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and citations omitted). In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

Here, petitioner sets forth no arguments regarding timeliness or whether he is entitled to equitable tolling. Instead, in his opposition to the motion to dismiss, he merely re-argues the merits of his petition (ECF #20).

Accordingly, the court concludes that petitioner's federal petition is untimely. Petitioner has failed to demonstrate any basis for equitable tolling or to excuse the statute of limitations. Because the federal habeas petition was untimely filed, and because petitioner is not entitled to statutory or equitable tolling, this action must be dismissed.

### IV. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

"The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss this federal petition for a writ of habeas corpus as untimely (ECF #9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

Dated February 25, 2013.

UNITED STATES DISTRICT JUDGE

6